UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-113-RJC
(3:04-cr-196-RJC)

| | |
|---|---|
| NATHANIEL DEVON BAILEY ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. Nos. 1, 7), his Motion for Writ of Error Coram Nobis, (Doc. No. 4), and the Government's Response in support, (Doc. No. 10). For the reasons that follow, the motion to vacate will be granted.

I.  BACKGROUND

On August 8, 2005, Petitioner pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), without the benefit of a plea agreement. (Case No. 3:04-cr-196, Oral Order). The Court sentenced him to thirty months' imprisonment followed by three years of supervised release and entered judgment on September 5, 2006. (Id., Doc. No. 26: Judgment at 2-3). Petitioner did not appeal his conviction or sentence and subsequently returned to prison for a violation of his supervised release.[1] (Id., Doc. No. 43: Judgment on Revocation Proceedings at 2).

In the instant § 2255 motion, Petitioner claims he is not a felon under § 922(g)(1) in light

---

[1] The conduct triggering the violation resulted in another federal prosecution. (Case No. 3:09-cr-152). After a jury convicted him at trial, the Court sentenced Petitioner to 135 months for conspiring to possess with intent to distribute five grams or more of cocaine base, possessing five grams or more of cocaine base with intent to distribute, possessing of a firearm after being convicted of a felony, possessing cocaine base with intent to distribute, and carrying a firearm during and in relation to a drug trafficking crime. (Id., Doc. No. 66: Judgment).

1

of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because his predicate convictions for possession of cocaine, breaking and entering, and larceny did not expose him to more than one year's imprisonment under North Carolina law. (Doc No. 7: Corrected Motion at 4).

II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that district courts are to promptly examine a motion to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.3d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

Although the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations period for the filing of a motion to vacate, the Government may waive its affirmative defense to an untimely motion. Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government has elected to waive "in the interests of justice." (Doc. No. 10: Response at 5). Petitioner has been released from custody on the original criminal case, but he stands convicted of a federal felony. This continuing consequence satisfies the "case or controversy requirement" of Article III, § 2, of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (former prisoner must show "concrete and continuing injury" to maintain habeas action following release from confinement). For this reason, and, in light of the Government's waiver of the statute of limitation defense, the Court may consider the merits of Petitioner's claim.

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina

conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). However, in Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013), the court announced that its decision in Simmons is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison." Therefore, it is retroactively applicable. Id.

Here, Petitioner and the Government agree, and court records confirm, that Petitioner's prior convictions could not have resulted in a sentence of more than one year in prison. (Doc. No. 10: Response at 7, Exhibits 1, 2, 3). The combination of the Government's waiver of the statute of limitations and the Fourth Circuit's ruling in Miller compels vacatur in the circumstances of this case.

3

IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate his criminal conviction in Case No. 3:04-cr-196, (Doc. Nos. 1, 7), is **GRANTED**, and Petitioner is discharged. His Motion for Writ of Error Coram Nobis, (Doc. No. 4), is **DENIED** as moot.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 9, 2014

Robert J. Conrad, Jr.
United States District Judge